15630

LADSHAW v. HOSKINS

(29 S. E. (2d), 480)

July, 1943.

Mr. *Jesse W. Boyd*, of Spartanburg, S. C., Counsel for Appellant,

Mr. *R. B. Pasley*, of Spartanburg, S. C., Counsel for Respondent,

March 13, 1944.

MR. CHIEF JUSTICE BAKER delivered the unanimous Opinion of the Court:

This action was for the ejectment of the tenant of a nine-room house at No. 121 Alabama Street, City of Spartanburg, which house was occupied by Mrs. Curtis Hoskins, her infant child, and her mother-in-law, Mrs. Maude Hoskins, as a home, and six of the rooms were rented to various people, so the house was predominantly a commercial enterprise.

Mrs. Curtis Hoskins is the wife of a soldier, and she and her husband lived there in the beginning as roomers, sub-renting from Mr. and Mrs. A. E. Brackens who were then the tenants. At that time Mr. Hoskins was at Camp Croft, but in December, 1941, he was, transferred to another camp without the State of South Carolina. At some time between June 19, 1941, the date Mrs. Curtis Hoskins commenced to live in the house under discussion as a roomer, and September 5, 1941, Mr. Curtis Hoskins bought from the Brackens the furniture in the house, and through a rental agency representing Wofford College, the then owner of the property, rented the house and premises at a monthly rental of $75.00.

In September, 1941, Mrs. Maude Hoskins, the mother of Curtis Hoskins, moved to Spartanburg from Louisville, Ky., since which time she and her daughter-in-law have been occupying the house. Mrs. Maude Hoskins has assisted Mrs. Curtis Hoskins in the renting of the rooms in the house, and on occasions has carried the rental money to the rental agency in charge of the property.

On October 24, 1942, an agreement was entered into by and between H. B. Carlisle, Chairman (representing the Board of Trustees of Wofford College), and Mrs. Lula E. Ladshaw, the appellant herein, whereby Mrs. Ladshaw agreed to purchase the property under discussion; and pursuant to this agreement, Mrs. Ladshaw purchased the property, and deed from the Trustees of Wofford College to her was duly executed and delivered on November 13, 1942.

It is inferable from the testimony and exhibits that prompt notice was given to Mrs. Curtis Hoskins of the change in ownership of the property, and that possession thereof would be required by the new owner (the appellant herein) within thirty days. And again on December 4, 1942, Mrs. Curtis Hoskins was notified in writing that Mrs. Ladshaw was obliged to have possession on December 18, 1942. In ad-

dition to the notices to Mrs. Curtis Hoskins, on November 18, 1942, I. B. Magness, the real estate agent who handled the transaction for Mrs. Ladshaw, notified Mrs. Maude Hoskins that possession of the premises would be required within thirty days from the date of the sale of the property.

Following these notices, Mrs. Maude Hoskins undertook to find a house in which to move, but could not find one suitable, that is, large enough to accommodate the furniture of Mrs. Curtis Hoskins, and later when she was advised by some unnamed lawyer that she had ninety days in which to move, she took the position that she would not get out until she could find a house large enough to rent rooms. On the day before the ejectment proceedings were commenced, Mrs. Maude Hoskins refused to move until she could find a house with the same number of rooms as the one she then occupied. Mrs. Curtis Hoskins' native language is Spanish, and for this reason Mrs. Maude Hoskins assumed the rôle of tenant or party in possession of the premises, though we think it clear that Mrs. Curtis Hoskins was the tenant or party in possession; and that while Mrs. Maude Hoskins was purporting to speak for herself, she was in fact speaking for Mrs. Curtis Hoskins.

On January 6, 1943, upon the application of Mrs. Ladshaw, the appellant herein, and pursuant to Section 8813 of the 1942 Code of Laws of South Carolina, Honorable D. W. Galloway, Magistrate at Spartanburg, issued a Rule to Show Cause, returnable on the fourth day after service, directed to Mrs. Curtis Hoskis (Hoskins), why she should not be ejected from the premises, to wit: that certain nine-room dwelling house, located at 121 Alabama Street, Spartanburg, S. C.

Mrs. Curtis Hoskins made Return thereto, as follows:

"1. That the premises now seeking to be recovered by Mrs. Lula E. Ladshaw, landlord, were rented by her husband approximately two years ago, who is now in the

United States Army and out of the State of South Carolina, and is serving in said military service of the United States, the said premises having been rented by him primarily for family purposes, namely, for his wife, Curtis Hoskins, his mother and child.

"2. That under the provisions of Office of Price Administration no sufficient notice has been given for the eviction or ejectment from said premises, in that sufficient time was not given and the grounds for eviction as required by said Act have not been sufficiently and definitely set out.

"3. Because the tenant, C. Hoskins, is in the military service of the United States, and the premises were occupied and rented for his wife, child and mother for dwelling purposes and the rental therefor does not exceed eighty ($80.00) dollars per month, and it is necessary under the Soldiers' and Sailors' Civil Relief Act [50 U. S. C. A., Appendix, § 301 *et seq.*] to give at least 90 days notice for eviction, and then proceed to obtain an order or petition from the Court to repossess said premises.

"4. Because the record shows that the landlord has made no legal demand upon the tenant for the possession of the premises."

Issue having been joined, the case proceeded to trial before the Magistrate without a jury, and after hearing the testimony, which was taken stenographically, and viewing the exhibits, the Magistrate ruled: "The landlord has a right to take possession of the property. I am ruling that under the testimony that Mrs. Maude B. Hoskins is the tenant and the Return to the Rule to Show Cause is insufficient and that Mrs. Maude B. Hoskins be ejected, but I am not issuing an order of ejectment for five days."

The Magistrate's Report of the case to the Circuit Court when it was appealed, makes no mention of his holding that

Mrs. Maude Hoskins was the tenant, but to the contrary, refers to the tenant as the wife of a soldier. ·

It should be observed that the Return of "Mrs. Curtis Hoskins, tenant, * * * subject to her special appearance and without waiving any rights thereunder" sets forth that C. Hoskins (her husband) is the tenant, and that "the record shows that the landlord has made no legal demand upon the *tenant* for the possession of the premises." (Emphasis added.)

The special appearance : eferred to was by "Mr. Paslay, representing the tenant, shows : 'Makes special appearance for the purpose of demurrer and dismissal on the grounds that Mrs. Curtis Hoskins is not the tenant and that no personal demand has been made upon the tenant for the possession of the premises prior to the institution of the proceedings. Second, because no notice or demand for immediate possession of the premises have been made on the tenant or anyone for him.' "

The Magistrate overruled the demurrer and the special appearance, from which there was no appeal.

It should also be noted that upon the trial of the issues before the Magistrate, counsel for Mrs. Ladshaw (appellant here) took the position that Mrs. Maude Hoskins was the tenant; and this position is adhered to by him.

Following the ruling of the Magistrate, counsel served notice of appeal on behalf of "Mrs. Curtis Hoskins, alleged tenant in the Petition and Rule to Show Cause, and Mrs. Maude B. Hoskins." There are fifteen exceptions, covering every conceivable error, but the Circuit Court order reversing the Magistrate and dismissing the Rule to Show Cause, omitting the necessary preliminary statements, is contained in one short paragraph, and following the word "ordered", reads :

"The appeal be sustained, that the judgment of the Magistrate be and the same hereby is reversed and set aside. It

is further ordered the Rule to Show Cause be and hereby is dismissed. Mrs. Maude B. Hoskins was not mentioned in the Petition on notice."

While there are fourteen exceptions from the order of the Circuit Court, the position and claim of the appellant in the Magistrate's Court, in the Circuit Court and in this Court, that Mrs. Maude Hoskins was the tenant holding over, makes it unnecessary that we pass on any alleged question involved other than, was Mrs. Maude Hoskins a party to the proceeding in the Magistrate's Court; and as we construe the order of the Circuit Court, this was the sole issue which was passed upon there.

The notice to show cause was directed to Mrs. Curtis Hoskis (Hoskins), and there was such a person in possession of the premises; and it was served upon her. It is true that the process server requested Mrs. Curtis Hoskins (who gave her name to the officer as Maria T. Raminos, her maiden name, but at the same time describing herself as the daughter-in-law of Mrs. Maude Hoskins) to deliver the Notice or Rule to Show Cause to her mother-in-law, which she did, but this did not constitute service of a Rule to Show Cause upon Mrs. Maude Hoskins, and she did not appear at the trial of the case before the Magistrate or file a Return to the Rule; and no exception seems to have been taken to the return of the person actually served, viz., Mrs. Curtis Hoskins.

Jurisdiction is an issue which can be raised at any time. Under the contention of the landlord, the appellant, and the ruling by the Magistrate favorable to her that Mrs. Maude Hoskins was the tenant holding over, and that she should be ejected, this was the first time that it became encumbent upon Mrs. Maude Hoskins to raise the issue. The fact that she chose to raise the issue by way of appeal from the Magistrate's ruling cannot be said to have given the Magistrate's Court jurisdiction of her in the ejectment proceeding.

The cases cited by appellant, viz.: *Dill-Ball Company v. Bailey,* 103 S. C., 233, 87 S. E., 1010; *Stephens v. Ringling,* 102 S. C., 333, 86 S. E., 683; *Lee v. Storfer,* 159 S. C., 70, 156 S. E., 177, and *Thompson v. Queen City Coach Co.,* 169 S. C., 231, 168 S. E., 693, are not apposite to the facts of this case.

Affirmed.

MESSRS. ASSOCIATE JUSTICES FISHBURNE, STUKES, TAYLOR and OXNER concur.